Case 8:25-cv-02286-JWH-KES Document 2 Filed 10/16/25 Page 1 of 11 Page ID #:2

Electronically Filed by Superior Court of California, County of Orange, 08/04/2025 05:38:25 PM.
30-2025-01502470-CU-BC-WJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Victoria Jurado, Deputy Clerk.

```
ARYAN AMID, ESQ. (SBN 315501)
LA LAW GROUP, APLC
21540 PRAIRIE STREET
UNIT A
CHATSWORTH, CA 91311
T: 866-625-2529 | F: 866-463-9285
aamid@bizlawpro.com
```

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA
## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| VERSURE, LLC.<br><br>Plaintiff,<br><br>vs.<br><br>BONAVITA LIFE LLC; STEVEN KU, AND DOES 1-50<br><br>Defendant | Case No.: 30-2025-01502470-CU-BC-WJC<br><br>Assigned for All Purposes<br>Judge Sheila Recio<br><br>**COMPLAINT FOR:**<br>1. BREACH OF CONTRACT<br>2. TRADE LIBEL<br>3. FRAUD<br>4. NEGLIGENT MISREPRESENTATION<br>5. INTENTIONAL INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>6. NEGLIGENT INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE<br>7. DISSEMINATION OF UNTRUE AND MISLEADING PUBLIC STATEMENTS IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17500, ET SEQ.<br>8. UNFAIR COMPETITION IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, ET SEQ. |

Plaintiff, VERSURE, LLC. ("Plaintiff") hereby alleges as follows against Defendants BONAVITA LIFE LLC. ("BONAVITA") and STEVEN KU ("KU")(jointly "Defendants"):

ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1

1. Plaintiff is, and at all time periods pertinent to this action was, a Limited Liability Company with its principal place of business at 2212 NW 91st Street, Miami, FL 33147.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant BONAVITA is a California Corporation with its principal place of business 510 W. Central Ave., Unit B, Brea, CA 92821

Plaintiffs are informed and believe, and thereupon allege, that Defendant KU is a citizen of the State of California and at all times herein was the owner of Defendant BONAVITA.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant BONAVITA has offices in Brea, CA, and is conducting business throughout the United States, including the State of California, and New York.

4. On or around December 16, 2024, Plaintiff and Defendants entered into a written agreement wherein Defendants Authorized Plaintiff to resell Defendants' products. This authorization extended to sales of Defendants' products at prices below MSRP and included that Defendants would not file any Rights Owner companies against Plaintiff on Amazon or any other platform. Attached as **Exhibit 1** is a true and correct copy of this agreement.

5. On or around January 9, 2025, Defendants provided a Letter of Authorization to Plaintiff allowing Plaintiff to sell Defendants' products on Amazon. Attached as **Exhibit 2** is a true and correct copy of this letter of authorization.

6. On or around December 18, 2024, Plaintiff purchased 6100 products which were manufactured by Defendants through a supplier, HBA & MFL NY LLC. Attached as **Exhibit 3** is a true and correct copy of this invoice.

7. On or around January 14, 2025, Defendants filed a complaint on Amazon indicating that Plaintiff's products infringe on Defendants' trademark and that they are *counterfeit*. Attached hereto as **Exhibit 4** and adopted herein as though set forth in full is a true and correct copy of the notice Plaintiff received from Amazon, indicating that Defendants have filed a complaint with Amazon, indicating Plaintiff's sales of Bonavita product were *counterfeit*.

8. On or around April 16, 2025, Plaintiff received a notice that Amazon disposed of 290 units of Plaintiff's Bonavita products at the Amazon fulfillment center as a result of Defendants' complaints to Amazon. Attached hereto as **Exhibit 5** and adopted herein as though

set forth in full is a true and correct copy of the notice Plaintiff received from Amazon notifying Plaintiff that Amazon had disposed 290 units of Plaintiff's Bonavita inventory.

9. The statement by Defendants that Plaintiff Versure LLC, products listed on Amazon for sale were counterfeit was untrue and is an defamatory statement seeking to disparage the quality of Plaintiffs property and reputation and to induce members of the Amazon to believe that Plaintiff is an unreliable supplier of products thereby jeopardizing the sale of Plaintiff's inventory on Amazon.

10. As a result of Defendants untrue statements, Amazon delisted and "Blocked" Plaintiff's sales of this product resulting in lost profits and economic damages.

11. As a result of Defendants' untrue statements to Amazon identifying Plaintiff's products as counterfeit, Amazon withheld and disposed of Plaintiff's inventory stored at the Amazon warehouse. Attached as Exhibit 3 is a true and correct copy of this letter of authorization.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

## AS AGAINST DEFENDANT BONAVITA LIFE LLC AND DOES 1-50

12. Plaintiff incorporates paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. Plaintiff, Versure, LLC, has performed all obligations of the Contract to be performed on its part, except those which it has been prevented or excused from performing by reason of the Defendants' conduct.

14. Defendants have breached the Contract by the following acts:

    a) Filing a complaint on Amazon alleging that Plaintiff's products are counterfeit.

    b) Requesting a per unit fee to be paid to Plaintiff for products Plaintiff sold as *royalty*.

    c) Refusing to allow Plaintiff to sell Defendants' products below Manufacturer's Suggested Retail Price (MSRP) of $139.99 as agreed.

15. As a direct and proximate result of the Defendants' breach, Plaintiff has suffered and will continue to suffer damages in an amount of $7,830.00 for 290 units of products that

1 | were disposed of by Amazon as a result of Defendants' complaint to Amazon.

2 | 16. As a direct and proximate result of the Defendants' breach, Plaintiff has suffered and will continue to suffer damages in the amount of $156,870.00 for 5810 units of products that Plaintiff was unable to resell on Amazon as a result of the Defendants' complaint to Amazon.

**SECOND CAUSE OF ACTION**

**(TRADE LIBEL)**

**AS AGAINST ALL DEFENDANTS AND DOES 1-50**

17. Plaintiff incorporates paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Plaintiff alleges that Defendants' statements and communications to Amazon between December 1, 2024, and January 14, 2025, were false statements. The statements were false at the time they were made and were intended to disparage Plaintiff's good name and reputation as a reliable Amazon supplier because Defendant's products, being sold by Plaintiff, were not counterfeit and Plaintiff was authorized to sell Defendant's products.

19. These statements were not privileged in that any privilege applying to this communication would only apply at most, if the letter was sent as a confidential settlement communication between Plaintiff and Defendants. However, this communication contained defamatory statements about Plaintiff yet was sent to a third party.

20. These statements that were made were false as Plaintiff purchased authentic, new products which was manufactured and distributed by Defendants wherein Plaintiff has the right to resell such product as afforded under 17 U.S.C. § 109.

21. Plaintiff alleges that these statements were made with the intent of disparaging Plaintiff's good name and reputation. Plaintiff further alleges that the statements were made to deny Plaintiff the ability to resell Defendant's products on Amazon which Defendants had authorized Plaintiff to sell.

22. These statements were published to the Amazon.com website.

23. These statements played a material and substantial part in inducing Amazon to block Plaintiff's products from being resold on Amazon. Additionally, these statements resulted in Amazon disposing of Plaintiff's inventory of Defendants' products stored at Amazon

warehouses. Furthermore, these statements affected Plaintiff's reputation on Amazon as a supplier as these statements are sought to lessen the credibility of the authenticity of Plaintiff's products generally and as to these products specifically.

24. Plaintiff alleges that these statements deterred Amazon.com from permitting Plaintiff to resell the Bonavita product.

25. As such, Plaintiff has suffered damages in the form of lost profits/sales of its products, the value of disposed inventory, as well as other damage to its good name, credibility, and reputation as a reliable Amazon supplier.

26. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount that will be proven at trial.

## THIRD CAUSE OF ACTION
## FRAUD
## AS AGAINST ALL DEFENDANTS AND DOES 1-50

27. Plaintiff incorporates paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. At all times described herein, Defendants represented to Plaintiff that Defendants would permit Plaintiff to sell the Bonavita products below the MSRP without violating any agreements or policies.

29. At all times described herein, Defendants represented to Plaintiff that Defendants would not file any Rights Owner complaints related to the sale of Bonavita on Amazon or any other Platform.

30. Plaintiff justifiably and reasonably relied on these representations and assurances.

31. In fact, Defendants did not intend to permit Plaintiff to sell the Bonavita products below MSRP on Amazon without violating any agreements or policies.

32. In fact, Defendants intended to file any Rights Owner complaints related to Plaintiff's sale of Bonavita on Amazon or any other Platform.

33. Plaintiff has properly purchased, paid for, and advertised as described as a Bonavita product in reliance on representations made by Defendants.

34. Said representations by Defendants to Plaintiff were false and untrue when made

and Defendants knew them to be false or when making them and acted in reckless disregard of the knowledge of the falsity of such untruth.

35.  Furthermore, Plaintiff is informed and believes that Defendants' concealed or suppressed material facts which they were bound by contract to disclose.

36.  In reliance upon Defendants' false statements, Plaintiff purchased Bonavita products and offered them for sale on Amazon including sending inventory to Amazon warehouses for fulfillment to Amazon customers based on the terms and conditions of the contracts and the course of dealing reasonably believing Defendants would permit Plaintiff to sell the Bonavita products below the MSRP without violating any agreements or policies, and Defendants would not file any Rights Owner complaints related to the sale of Bonavita on Amazon or any other Platform.

37.  In fact, such representations and assurances were false and were known by the Defendants to be false when made or were made by the Defendants without a reasonable basis for their belief or when they acted in reckless disregard of the knowledge of such falsity.

38.  Plaintiff justifiably and reasonably relied on these representations.

39.  As a proximate result of the misrepresentations set forth above, Plaintiff has suffered the damage described herein.

## FOURTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

## AS AGAINST ALL DEFENDANTS AND DOES 1-50

40.  Plaintiff incorporates paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41.  Plaintiff has properly purchased, paid for, and advertised as described Bonavita product in reliance on representations made by the Defendants.

42.  Said representations by Defendants to Plaintiff were false and untrue when made and Defendants negligently failed to ascertain the validity of the statements alleged above to Amazon and Plaintiff.

43.  In reliance upon Defendants' false statements, Plaintiff purchased Bonavita products and offered them for sale on Amazon including sending inventory to Amazon

1 warehouses for fulfillment to Amazon customers based on the terms and conditions of the
2 contracts and the course of dealing reasonably believing Defendants would permit Plaintiff to
3 sell the Bonavita products below the MSRP without violating any agreements or policies, and
4 Defendants would not file any Rights Owner complaints related to the sale of Bonavita on
5 Amazon or any other Platform.
6     44. As a proximate result of the negligent misrepresentations set forth above, Plaintiff
7 has suffered the damage described herein.

## FIFTH CAUSE OF ACTION
## (INTENTIONAL INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)
## AS AGAINST ALL DEFENDANTS AND DOES 1-50

11     45. Plaintiff incorporates paragraphs 1 through 44 of this Complaint as though fully
12 set forth herein.
13     46. Plaintiff alleges this cause of action as a result of Defendants' actions in making
14 defamatory statements with regard to the authenticity of Plaintiff products and that Plaintiff sold
15 counterfeit products on Amazon.
16     47. Between December 1, 2024, and January 14, 2025, Defendants' sent the
17 communications to Amazon intending to cast a false light on the products sold by Plaintiff on
18 Amazon.
19     48. Plaintiff had previously been recognized as a reputable reseller on Amazon and
20 was authorized by Amazon to resell Bonavita products. As such, there existed a prospective
21 business relationship advantageous to Plaintiff.
22     49. Plaintiff alleges on information and belief that Defendant Steven Ku knew of
23 Plaintiffs existing prospective business relationships and made false statements about Plaintiff
24 for the sole purpose of interfering with those relationships.
25     50. Defendants' actions were wrongful in that the statements made were false and
26 defamatory.
27     51. Defendants had knowledge of the effects of their statements and therefore acted
28 with the intent that Plaintiffs credibility and ability to resell products be affected by said

statements. As such, Defendants acted with the intent to disrupt any sort of business Plaintiff had with regard to the resale of Bonavita products on Amazon.

52. Moreover, Defendants had knowledge that people were ordering Plaintiffs products from the Amazon.com site, and therefore Plaintiff alleges that Defendant's acted with the intent to cause Plaintiff not to be able to resell its remaining inventory through Amazon.com.

53. As a direct and proximate result of Defendants' actions, Plaintiff suffered damages in the form of lost profits as a result of Amazon.com blocking Plaintiff on the basis of Defendants' statements that appeared in communications between December 1, 2024, and January 14, 2025.

54. As a direct and proximate result of the Defendants' actions, Plaintiff has suffered damages in an amount that will be proven at trial.

## SIXTH CAUSE OF ACTION

### (NEGLIGENT INTEFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)
### AS AGAINST ALL DEFENDANTS AND DOES 1-50

55. Plaintiff incorporates paragraphs 1 through 54 of this Complaint as though fully set forth herein.

56. As alleged above, Plaintiff had both existing and prospective business advantages with Amazon.com.

57. A special relationship existed between Plaintiff and Amazon.com, as Defendants' actions could not have been conducted without having a direct effect on Plaintiff's business; the adverse effect on Plaintiff's business was clearly foreseeable to Defendants as the statements they were making directly concerned Plaintiff's reliability as an reseller of authentic products; Plaintiff's sales and distribution of its products diminished as a result of Defendants' statements; Defendants' statements were a direct cause of loss in business Plaintiff has suffered; Defendants' conduct was blameworthy as Defendants' surely could appreciate the effect of such statements on the sales of Plaintiff's products, and; public policy would support a finding of a duty of care in this instance as Defendants intentionally made false statements regarding Plaintiff's credibility.

58. The false statements made by Defendants amount to wrongful interference with Plaintiff's business relationships as these statements were made to Amazon.com; an entity which Plaintiff had previously conducted business with.

59. In addition, Plaintiff is informed and believes and based upon such information and belief thereon alleges that prospective purchasers of its products frequent the Amazon.com marketplace and were turned away from dealing with Plaintiff on the basis of Defendants' communication.

60. As a direct and proximate result of the Defendants' wrongful conduct, Plaintiff has suffered damage in the form of lost business, profits and reputation.

61. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount that will be proven at trial.

### SEVENTH CAUSE OF ACTION

### (DISSEMINATION OF UNTRUE AND MISLEADING PUBLIC STATEMENTS IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17500, et seq.)

### AS AGAINST ALL DEFENDANTS AND DOES 1-50

62. Plaintiff incorporates paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Defendants violated Business and Professions Code section 17500 by making or disseminating or causing to be made or disseminated untrue or misleading statements in connection with Plaintiff's sale of goods or services, that Defendants knew or should have known were untrue or misleading, including but not limited to statements concerning the authenticity of the products sold by Plaintiff.

64. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount that will be proven at trial.

### EIGHTH CAUSE OF ACTION

### (UNFAIR COMPETITION IN VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, et seq.)

### AS AGAINST ALL DEFENDANTS AND DOES 1-50

65. Plaintiff incorporates paragraphs 1 through 42 of this Complaint as though fully set forth herein.

66. Business and Professions Code section 17200 et seq. prohibits any unlawful, unfair or fraudulent business act or practice, any unfair, deceptive, untrue or misleading advertising, and any violations of the Business and Professions Code sections 17500 et seq.

67. Defendants violated Business and Professions Code section 17200 et seq. by engaging in "unfair" business practices because its conduct was immoral, unethical, oppressive, unscrupulous, and substantially damaging to Plaintiff. Specifically, and without limitation, the conduct includes engaging in unlawful, unfair, and fraudulent business acts or practices, including but not limited to: (a) knowingly and intentionally making false statements to Amazon regarding the authenticity of Plaintiff's products.

68. As a direct and proximate result of Defendants' actions, Plaintiff has suffered damages in an amount that will be proven at trial.

**WHEREFORE**, Plaintiff, having set forth the claims for relief against Defendants, respectfully pray that this Court grant the following relief:

1. for compensatory damages in an amount to be proven at trial.
2. for consequential damages in an amount to be proven at trial.
3. for punitive damages in an amount to be proven at trial.
4. for attorney's fees in the amount to be proven at trial.
5. for such other and further relief as the court may deem just and proper.

DATED: AUGUST 4, 2025                LA LAW GROUP, APLC

                                BY:   /s/ Aryan Amid
                                      ARYAN AMID, Esq.
                                      CHRISTOPHER J. HAMMOND, Esq.
                                      Attorneys for Plaintiffs
                                      VERSURE, LLC,

//

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: AUGUST 4, 2025          LA LAW GROUP, APLC


BY:   /s/ Aryan Amid
ARYAN AMID, Esq.
CHRISTOPHER J. HAMMOND, Esq.
Attorneys for Plaintiffs
VERSURE, LLC,