UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02286-JWH-KES | Date | November 4, 2025 |
| Title | *Versure, LLC v. Bonavita Life LLC, et al.* | | |

Present: The Honorable  JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  Attorney(s) Present for Defendant(s):
Aryan Amid  Hubert H. Kuo

**Proceedings:** **ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

## I. BACKGROUND

In August 2025, Plaintiff Versure, LLC filed this action in Orange County Superior Court against Defendants Bonavita Life LLC and Steven Ku.[1] Ku removed the action to this Court in October 2025.[2] Ku asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1332—on the basis of federal question and diversity of citizenship between the parties.[3]

---

[1]  See generally Compl. (the "Complaint") [ECF No. 9-1].
[2]  See Notice of Removal [ECF No. 9].
[3]  *Id.* at 2:15–21.

## II.  LEGAL STANDARD

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33.  As such, a defendant may remove a civil action in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331 & 1332.  Additionally, pursuant to 28 U.S.C. § 1446(b)(2)(A), "[w]hen a case involves multiple defendants, all defendants must consent to removal."  *See Haines v. Get Air Tucson Inc.*, 2015 WL 13755396, at *2 (D. Ariz. Apr. 15, 2015) (citing *Proctor v. Vishay Intertech. Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009)).

With respect to federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).  Federal question jurisdiction exists when the well-pleaded complaint establishes that "federal . . . law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal . . . law, in that [federal] law is a necessary element of one of the well-pleaded claims."  *Id.* at 1486 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988)).

With respect to diversity jurisdiction, a district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"  28 U.S.C. § 1332.  "[T]he party asserting diversity bears the burden of proof."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001).  "Moreover, in the absence of a federal question, where the Court's jurisdiction is premised on diversity of citizenship, a removing defendant may not be a resident of the forum state."  *HSBC Bank USA v. Hatchett*, 2009 WL 3049358, at *1 (C.D. Cal. Sep. 18, 2009) (citing 28 U.S.C. § 1441(b)).

Furthermore, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . .copyrights and trademarks."  28 U.S.C. § 1338(a).

## III. ANALYSIS

At least three issues cast doubt on the Court's subject matter jurisdiction over this case.

The first issue is procedural. The Court can find no indication in the Notice of Removal that Bonavita Life has consented to the removal, and, therefore, the Court cannot determine if all Defendants have provided their consent . *See* 28 U.S.C. § 1446(b)(2)(A).

The second issue is the lack of federal question jurisdiction. In support of his federal-question-jurisdiction argument, in the Notice of Removal Ku refers to a paragraph in the Complaint, under the second cause of action for trade libel, in which Versure alleges that "Plaintiff has the right to resell such product as afforded under 17 U.S.C. § 109."[4] The Court questions whether Versure's trade libel cause of action arises under that federal statute, or whether it arises under California law. Tellingly, Ku does not raise 28 U.S.C. § 1338 as a basis for subject matter jurisdiction.

The third issue is the lack of diversity jurisdiction. To the extent that Ku contends that the Court's jurisdiction is premised on diversity of citizenship, Ku is a resident of California,[5] and, therefore, he may not remove an action from a California state court. *See* 28 U.S.C. § 1441(b). Moreover, Ku does not identify the states of citizenship of Plaintiff Versure or his co-Defendant Bonavita Life, both of which are identified in the caption of Versure's Complaint and in Ku's Notice of Removal as limited liability companies. A limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Court cannot determine whether the parties are diverse until it knows the name and citizenship of every owner/member of Versure and of Bonavita Life.

## IV. DISPOSITION

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

---

[4]   *Id.* at 3:2–3 (citing Complaint ¶ 20).
[5]   *Id.* at 2:27–28.

      1.      Ku is **DIRECTED** to file no later than November 21, 2025, a written response to this Order to Show Cause that provides the basis for this Court's jurisdiction. The deadline for Versure to file an optional reply to Ku's response is November 28, 2025.

      2.      A hearing on this Order to Show Cause is **SET** for December 5, 2025, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California. Counsel for the parties are **DIRECTED** to appear in person at that date and time.

      **IT IS SO ORDERED.**